**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **United States of America,** | ) | **CASE NO.** | **09 CR 145** |
| | ) | | **16 CV 1477** |
| **Plaintiff-Respondent,** | ) | | |
| | ) | | |
| Vs. | ) | **JUDGE PATRICIA A. GAUGHAN** | |
| | ) | | |
| **Sidney Garth,** | ) | | |
| | ) | | |
| **Defendant-Petitioner.** | ) | **Memorandum of Opinion and Order** | |

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 185). In his motion, Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), to argue that he was unconstitutionally sentenced as a career offender under the residual clause of U.S.S.G. § 4B2(a)(2). In *Johnson*, the United States Supreme Court struck down the analogous residual clause of the Armed Career Criminal Act's definition of a "violent felony" as void for vagueness. More recently, however, the Supreme Court held in *Beckles v. United States*, – U.S. –, – S. Ct. –, 2017 WL 855781 (U.S. Mar. 6, 2017), that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Thus, *Johnson*'s vagueness holding does not apply to the Sentencing Guideline provision under which Petitioner was sentenced. Petitioner's motion is

therefore DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/20/17